99 F.3d 1160
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Patricia Lynn JOHNSON, Petitioner-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent-Appellee.
 No. 95-5152.
 United States Court of Appeals, Federal Circuit.
 Oct. 30, 1996.
 
 Before ARCHER, Chief Judge, MAYER, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Patricia Lynn Johnson petitions for review of the United States Court of Federal Claims' judgment in Johnson v. Secretary of Health and Human Services, 33 Fed. Cl. 712 (1995), affirming the decision of the Special Master, which denied her compensation under the National Vaccine Injury Compensation Program. We affirm.
 
 
 2
 We must uphold the Special Master's factual findings unless Johnson demonstrates that they are arbitrary, capricious, or an abuse of discretion. Whitecotton v. Secretary of Health and Human Servs., 81 F.3d 1099, 1104 (Fed.Cir.1996). We review questions of law de novo. Id. at 1106. Johnson has not met her burden of establishing error in either regard.
 
 
 3
 Johnson first argues that the Special Master erred by holding her to a higher burden of proof than is required by law. The Special Master required her to show, based on the record as a whole, that it was more probable than not she had suffered a vaccine-caused injury. See 33 Fed. Cl. at 721. That is the proper standard in a nontable case, such as this. See Hines v. Secretary of Dep't of Health and Human Servs., 940 F.2d 1518, 1524-25 (Fed.Cir.1991). In table cases, vaccine causation is presumed as long as the condition begins to manifest itself within the time specified in the table for the vaccine in question. Id. at 1524. On the other hand, if the condition or injury is not listed on the table or does not occur within the specified time, the petitioner has the burden of proving actual causation by a preponderance of the record evidence. Id. at 1524-25. Johnson is correct that in both cases, the Special Master must determine whether a preponderance of the evidence shows that the injury was due to factors unrelated to the vaccination. Id. at 1525. As a matter of logic, however, a preponderance of the evidence cannot show both actual causation by the vaccine and causation due to factors unrelated to the vaccine. Thus, in a nontable case, the single inquiry is whether the petitioner has established by a preponderance of the record evidence that his or her injury or condition was actually caused by the vaccine. See Bradley v. Secretary of Dep't of Health and Human Servs., 991 F.2d 1570, 1575 (Fed.Cir.1993) (when petitioner has not demonstrated causation "the alternative causation theories ... need not be addressed"); Munn v. Secretary of Dep't of Health and Human Servs., 970 F.2d 863, 865 (Fed.Cir.1992) (petitioner "must prove by a preponderance of the evidence that the vaccine, and not some other agent, was the actual cause of the injury").
 
 
 4
 Johnson also alleges that the criteria for establishing a rubella-caused injury set forth in the Special Master's January 11, 1993 order exceeded the requirements of the law. We agree with the Court of Federal Claims, however, that Johnson has waived this argument by failing to object to the omnibus proceeding or its results before the Special Master. 33 Fed. Cl. at 730 n. 10.
 
 
 5
 Johnson next raises objections to the Special Master's conclusion that she failed to establish an injury that was caused by the rubella vaccine. She argues that the Special Master erred in relying on Dr. Masi's testimony rather than the testimony of her experts, because he had never examined Johnson and was less qualified than her experts. These complaints are not entirely unfounded. She had three physicians as expert witnesses, two of whom had treated her, while the other was a leading expert on the effects of rubella vaccinations. The government's expert was Masi, who had not treated her and had limited experience with rubella vaccines. However, Johnson's complaints go to the weight the Special Master accorded the evidence and his view of the credibility of the respective experts. These judgments fall within the province of the Special Master and are virtually unreviewable here. See Bradley, 991 F.2d at 1575; Munn, 970 F.2d at 871 & n. 12.
 
 
 6
 Although Johnson argues that Masi was not qualified to testify about all of the medical issues involved in the case, she is not correct. The Special Master found Masi "very well qualified to testify concerning the issues" in the case, which the trial court affirmed. 33 Fed. Cl. at 725. Indeed, he was accepted as an expert in rheumatology and fibromyalgia syndrome (FMS) without objection. While Johnson points to Masi's testimony, which showed his limited experience with rubella vaccines, she has not directed us to any testimony where she objected to his qualification as an expert in this case or requested that the Special Master limit his testimony.
 
 
 7
 Johnson also argues that the Special Master's conclusion that she failed to establish a rubella-caused injury was arbitrary and capricious based on the evidence. Under our limited standard of review, we cannot agree. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971) (reviewing courts may not substitute their judgment for that of the decisionmaker under the arbitrary and capricious standard of review). The Special Master found in the omnibus hearing that a causal connection between the rubella vaccine and chronic arthropathy is tenuous and has not been medically established. Thus, even if Johnson were able to establish that she fit the typical pattern set forth in the January 11, 1993 order, it would be only slightly more likely than not that her maladies were caused by the rubella vaccine. Given this fragility, the more her pattern deviated in any significant way from the general pattern, the less likely it was her illness was caused by the rubella vaccine.
 
 
 8
 The Special Master found three significant deviations: (1) in the acute phase, she had joint aching, but not joint swelling; (2) her joint symptoms substantially worsened in the chronic stage, which even Dr. Chalmers acknowledged was atypical; and (3) she has FMS, which has symptoms similar to chronic rubella-associated arthropathy, rendering it more difficult to identify the precise cause of her illness. Undeniably there is evidence that Johnson met most of the requirements of the typical pattern, and this is a close case, but we agree with the trial court's opinion that the Special Master's decision was not arbitrary and capricious.
 
 
 9
 We reach the same conclusion about whether rubella vaccine caused Johnson's FMS. The Special Master found that she had not carried her burden because the FMS symptoms preceded, rather than followed, her joint symptoms. Thus, the FMS could not have been caused, as Chalmers said, by the chronic rubella-associated arthropathy. This conclusion is supported by Dr. Tingle's report that Johnson initially experienced fatigue and chest pain but no specific joint swelling, as well as the opinion of Masi. Of course, as Johnson concedes, the cause of FMS is unknown, which further supports the Master's result. We have considered Johnson's remaining arguments but find them unpersuasive.